IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VICTOR M. ETTERSON,

    Plaintiff,

v.                                                                       Civil Action No. **3:14CV650**

**JEFFERY NEWCOME,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Victor M. Etterson, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.        **Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.     Summary of Allegations

The allegations in Etterson's Complaint are as follows:

> I was removed from Ramadan by Sgt. Moore and jailer McCormick on July 5, 2014 at Riverside Regional Jail, because Sgt. Moore and jailer McCormick saw me drink water and eat some food, because the Ramadan tray was late. The dinner trays had been served about 2 hours earlier. . . . But as soon as I took a sip of water and a bite to eat, Sgt. Moore and jailer McCormick ran over to me and said, you are off of Ramadan. I tried to explain to them that it did not need to be dark outside, just as long as the sun had gone down[. W]ell they didn't want to believe me, but it's the truth.
> On July 6, 2014[,] jailer McCormick and Sgt. Moore, feed me breakfast, lunch and dinner, with the rest of medical housing 2 where I was assigned at the time. But when the shift changed on July 6, 2014[,] jailer Armstrong gave me my Ramadan tray, and breakfast, because she said my name was still on the Ramadan list. But on July 7, 2014[,] during the morning shift[,] jailer Spretely came on, and gave me breakfast, but when she went on her lunch break, I did not get a lunch tray or dinner tray that evening. When jailer Armstrong came on she did not give me a Ramadan tray, because Sgt. Moore told her I was no longer on Ramadan. From that point, I was no longer on Ramadan.

(Compl. 5 (spelling, spacing, and capitalization corrected).)

3

Etterson demands money damages and injunctive relief in the form of "[s]top Riverside Regional Jail from regulating or prohibiting the free exercise of Muslim faith and dietary laws . . . ." (Compl. 6 (capitalization and spelling corrected).)

Etterson names Jeffery Newcome, the Superintendent of the Riverside Regional Jail, Sergeant Moore, and Jailer McCormick as defendants. (*Id.* at 2–3.) As explained below, Etterson fails to state a claim against Defendant Newcome, fails to state a claim under the "Religious Reformation Federal Law Act," and fails to state a claim for injunctive relief because any claim is moot. Etterson alleges sufficient facts to make out a First Amendment claim against Defendants Moore and McCormick.

### III. Analysis

#### A. No Personal Involvement by Defendant Newcome

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Etterson fails to mention Defendant Newcome in the body of the Complaint. Thus, he has failed to allege a claim against Defendant Newcome.[2]

---

[2] In an attachment to his Complaint, entitled "Complaint At Law," Etterson also lists Dr. E. Boakye in the caption. (ECF No. 1-1, at 1.) In his Complaint, Etterson fails to name Dr. Boakye as a defendant, does not mention him in the body of the Complaint, and fails to indicate

### B. First Amendment[3]

Etterson appears to bring a claim under the Free Exercise Clause of the First Amendment.[4] To state a claim, Etterson must allege facts that suggest that "(1) he holds a sincere belief that is religious in nature" and (2) that Defendants Moore and McCormick imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Massenburg v. Adams*, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (alteration in original) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (some internal quotation marks omitted)).

Assuming without deciding that Etterson's religious beliefs are sincere, Etterson alleges sufficient facts to make out a claim that Defendants Moore and McCormick imposed a substantial burden on his ability to practice his religion in violation of the First Amendment.

### C. Claim for Injunctive Relief is Moot

Here, the alleged constitutional violations took place in the Riverside Regional Jail. Etterson, however, is no longer incarcerated there. (*See* ECF No. 5, at 1.) "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and

---

that Dr. Boakye was personally involved in the deprivation of his First Amendment rights. Thus, any lurking claim against Dr. Boakye will be DISMISSED.

[3] Etterson bring his claims under the First Amendment and the "Religious Reformation Federal Law Act." (Compl. 5.) To the extent Etterson intends to bring his challenge under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, RFRA was invalidated as it applied to state officials. *See City of Boerne v. Flores*, 521 U.S. 507, 532–36 (1997). Thus, Etterson fails to state a claim for relief under RFRA.

[4] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Etterson fails to allege that his claim for injunctive relief against Defendants Moore and McCormick remain viable. Accordingly, Etterson's request for injunctive relief will be DISMISSED AS MOOT.

### IV. Conclusion

Accordingly, Etterson's claims against Defendant Newcome will be DISMISSED. Etterson's request for injunctive relief will be DISMISSED AS MOOT. Etterson's claim under RFRA will be DENIED. The Court will continue to process the action with respect to Etterson's First Amendment claim against Defendants Moore and McCormick.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/5/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge