IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VICTOR M. ETTERSON,

    Plaintiff,

v.                                                                     Civil Action No. **3:14CV650**

JEFFERY NEWCOME, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Victor M. Etterson, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Opinion and Order entered on October 5, 2015, the Court dismissed all claims except the First Amendment claim against Defendants Sergeant Moore and Jailer McCormick ("Defendants"). The matter is before the Court on Defendants' Motion to Dismiss. For the reasons stated below, the Motion to Dismiss (ECF No. 20) will be DENIED.

### I.    STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly,

while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte,* statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

The allegations in Etterson's Complaint are as follows:

> I was removed from Ramadan by Sgt. Moore and jailer McCormick on July 5, 2014 at Riverside Regional Jail, because Sgt. Moore and jailer McCormick saw me drink water and eat some food, because the Ramadan tray was late. The dinner trays had been served about 2 hours earlier. . . . But as soon as I took a sip of water and a bite to eat, Sgt. Moore and jailer McCormick ran over to me and said, you are off of Ramadan. I tried to explain to them that it did not need to be dark outside, just as long as the sun had gone down[. W]ell they didn't want to believe me, but it's the truth.
> On July 6, 2014, jailer McCormick and Sgt. Moore, feed me breakfast, lunch and dinner, with the rest of medical housing 2 where I was assigned at the time. But when the shift changed on July 6, 2014, jailer Armstrong gave me my Ramadan tray, and breakfast, because she said my name was still on the Ramadan list. But on July 7, 2014, during the morning shift, jailer Spretely came on, and gave me breakfast, but when she went on her lunch break, I did not get a lunch tray or dinner tray that evening. When jailer Armstrong came on she did not give me a Ramadan tray, because Sgt. Moore told her I was no longer on Ramadan. From that point, I was no longer on Ramadan.

(Compl. 5 (spelling, spacing, and capitalization corrected).)

Etterson demands money damages. (Compl. 6 (capitalization and spelling corrected).)

## III. DEFENDANT'S ARGUMENTS FOR DISMISSAL

Defendants argue that Etterson's claims should be dismissed because: (1) Etterson fails to show any physical injury; (2) Etterson failed to exhaust his administrative remedies; (2) and, (3) Defendants are entitled to qualified immunity. For the reasons stated below, the Motion to Dismiss will be DENIED.

A. No Physical Injury

Defendants first argue that Etterson fails to allege any entitlement to relief because he alleges no physical injury as required to recover damages by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). The pertinent statute provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* However, Etterson's claim does not involve mental or emotional injury, and Defendants fail to sufficiently address why the PLRA should limit other types of recovery such as nominal or punitive damages. Indeed, courts have found that "Congress did not intend section 1997e(e) to bar recovery for all forms of relief." *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (citations omitted) (allowing recovery for nominal and punitive damages under § 1983); *see also Logan v. Hall*, 604 F. App'x 838, 840 (11th Cir. 2015) (explaining that while "§ 1997e(e) foreclosed claims for both compensatory and punitive damages[,] . . . . [n]ominal damages, however, are not precluded").

Moreover, the Court construes Etterson to bring a claim under the Free Exercise Clause of the First Amendment.[2] Defendants also fail to adequately address the applicability of § 1997e(e) to First Amendment claims. *See King v. Zamiara*, 788 F.3d 207, 211–17 (6th Cir. 2015) (discussing the applicability of § 1997e(e) to First Amendment claims and concluding that "deprivations of First Amendment rights are themselves injuries, apart from any mental, emotional or physical injury that might arise from the deprivation, and that § 1997e(e) does not bar all relief for injuries to First Amendment rights"). *But see Logan*, 604 F. App'x at 840–41 (finding no entitlement to compensatory or punitive damages for First Amendment claim

---

[2] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

because no allegation of physical injury). Accordingly, the Motion to Dismiss the Complaint because Etterson alleged no physical injury will be DENIED.

### B. Failure to Exhaust Administrative Remedies

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Because the exhaustion of administrative remedies is an affirmative defense, Jenkins bears the burden of demonstrating lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Although it is possible to raise the defense in a motion to dismiss, the United States Court of Appeals for the Fourth Circuit has cautioned that "it seems unlikely that the failure to exhaust administrative remedies will often be apparent from the face of a complaint . . . ." *Anderson v. XYZ Corr. Health Serv., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005); *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (quoting *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007), for the proposition that "'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'").

Defendants suggest that Etterson's lack of exhaustion appears on the face of the Complaint. That is not so. Etterson acknowledges that the Riverside Regional Jail had a grievance procedure; that he filed a grievance on July 17, 2014, but that he "got it back on 8-5-2014" because staff "said it was not complete and will not be submitted for a response."

5

(Compl. 4.) Etterson indicates that he did not submit his complaint to prison authorities because "I wrote them letters, I talked to staff. Everything falls on Deaf Ears! [W]hat's the use." (*Id.*) Etterson notes that he filed no appeal. (*Id.*) Contrary to Defendants' assertion, this is not one of the "'rare cases'" where the inmate's failure to comply with § 1997e(a) can be assessed from the face of the Complaint. *Moore*, 517 F.3d at 725 (quoting *Freeman*, 479 F.3d at 1260).

Without information about the requirements of the Riverside Regional Jail's grievance procedure, the Court cannot ascertain whether Etterson's complaint about the denial of Ramadan trays was grieveable. *See Anderson*, 407 F.3d at 682 n.5 ("To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate." (citing *Mojias v. Johnson*, 351 F.3d 606, 610–11 (2d Cir. 2003); *Snider v. Melindez*, 199 F.3d 108, 113–14 (2d Cir. 1999))). The Court requires such information because "a court considering dismissal of a prisoner's complaint for non-exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception." *Mojias*, 351 F.3d at 610 (citing *Snider*, 199 F.3d at 114). Accordingly, the Motion to Dismiss the Complaint for lack of exhaustion will be DENIED. *See Woodson v. Jenkins*, No. 3:13CV492, 2015 WL 139100, at *2–3 (E.D. Va. Jan. 9, 2015); *Daniels v. Caldwell*, No. 3:11CV461, 2013 WL 85165, at *3 (E.D. Va. Jan. 7, 2013) (denying motion to dismiss on the basis of exhaustion for similar reasons).

C.    **Qualified Immunity**

"When qualified immunity is asserted, the reviewing court should usually first ask whether the right was violated on the facts alleged, and then determine whether that right was 'clearly established.'" *LeSueur–Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir.

2012) (citing *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009)); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (first alteration in original) ("[W]e conclude that, while the sequence set forth [in *Saucier v. Katz*, 553 U.S. 194 (2001)] is often appropriate, it should no longer be regarded as mandatory.").

As explained in the October 5, 2015 Memorandum Opinion and Order, Etterson appears to bring a claim under the Free Exercise Clause of the First Amendment.[3] To state a claim, Etterson must allege facts that suggest that "(1) he holds a sincere belief that is religious in nature" and (2) that Defendants Moore and McCormick imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Massenburg v. Adams*, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (alteration in original) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (some internal quotation marks omitted)).

Defendants first question the sincerity of Etterson's religious beliefs. (Mem. Supp. Mot. Dismiss 12–13.) At this stage, the Court must assume that Etterson's religious beliefs are sincere.

As to substantial burden, Etterson alleges sufficient facts to make out a claim that Defendants Moore and McCormick imposed a substantial burden on his ability to practice his religion in violation of the First Amendment. Etterson alleges that Defendants removed him from the list to receive Ramadan trays after they observed him eating and drinking at a time

---

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

7

before the Ramadan trays had been served. Defendants argue that Etterson's "allegations do not demonstrate any violation of any clearly established law by the defendants, let alone any violation of any clearly established law of which a reasonable official in the circumstances alleged should have been aware." (Mem. Supp. Mot. Dismiss 10.) They argue that "from [Etterson's] own allegations, the defendants did not believe that plaintiff was acting in accordance with the dictates for the observance of Ramadan when they saw him eating and drinking at the particular time of the day, even if they were mistaken as to whether being 'dark,' or 'the sun ha[s] gone down' is the significant factor with respect to the timing of eating the evening meal during Ramadan." (*Id.* at 12 (alteration in original).) However, under the First Amendment, an inmate "has a 'clearly established . . . right to a diet consistent with his . . . religious scruples,' including proper food during Ramadan." *Lovelace v. Lee*, 472 F.3d 174, 199 (4th Cir. 2006) (citations omitted). Prison officials "violate[] this clearly established right if [they] intentionally and without sufficient justification den[y] an inmate a religiously mandated diet." *Id.* (citation omitted).

Etterson has sufficiently alleged that he is a practicing Muslim, and his right to receive proper food during Ramadan is clearly established. *Id.*; *cf. Wall v. Wade*, 741 F.3d 492, 502 (4th Cir. 2014) (explaining that "unequivocal statement in *Lovelace* that inmates are entitled to religious dietary accommodations" precluded dismissal based on claimed entitlement to qualified immunity). With respect to whether Defendants violated this clearly established right, Etterson has alleged that the Defendants removed him from the Ramadan diet even after Etterson explained to them that he was permitted to eat after the sun goes down and that he was not in violation of his religious tenets. While Defendants seemingly claim that this may have been a mistake, they offer no persuasive argument that this mistake was reasonable. *Cf. Colvin v.*

*Caruso*, 605 F.3d 282, 291 (6th Cir. 2010) (finding a defendant entitled to qualified immunity when he made a "reasonable mistake" and "once the mistake was discovered . . . worked 'as quickly as possible' to ensure that [inmate] received" his religiously mandated meals); *Brown v. Groom*, 174 F. App'x 847, 848 (5th Cir. 2006) (finding no entitlement to qualified immunity when "defendants were supposed to resolve any 'discrepancy or question with the [Ramadan] list' by checking with the prison chaplaincy department" and "[t]here was no evidence" defendants did so, or otherwise checked into inmate's eligibility for Ramadan meals). On the current record, the facts as alleged by Etterson support an inference that Defendants, "intentionally and without sufficient justification," had him removed from his religious diet. *Lovelace*, 472 F.3d at 199; *see Thompson v. Holm*, 809 F.3d 376, 381 (7th Cir. 2016). Thus, Defendants are not entitled to qualified immunity.

### IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss (ECF No. 20) will be DENIED. Any party wishing to file a dispositive motion must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 7/19/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

9