IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VICTOR M. ETTERSON,**

     Plaintiff,

v.                                          Civil Action No. **3:14CV650**

**JEFFERY NEWCOME,** *et al.*,

     Defendants.

## MEMORANDUM OPINION

Victor Etterson, a former Virginia detainee proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Opinion and Order entered on October 5, 2015, the Court dismissed all claims except the First Amendment claim against Defendants Sergeant Moore and Jailer McCormick. *Etterson v. Newcome*, No. 3:14CV650, 2015 WL 5818220, at *3 (E.D. Va. Oct. 5, 2015). By Memorandum Opinion and Order entered on July 19, 2016, the Court denied Defendants' Motion to Dismiss and directed that any party wishing to file a dispositive motion do so within sixty days. *Etterson v. Newcome*, No. 3:14CV650, 2016 WL 3912034, at *5 (E.D. Va. July 19, 2016). The action proceeds on Etterson's claim that Defendants Moore and McCormick[2] violated his rights under the Free Exercise Clause of the

---

[1] The statute provides, in pertinent part:

     Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Moore is a Sergeant at Riverside Regional Jail ("RRJ"). McCormick is a Jailer at RRJ.

First Amendment[3] by removing him from the list of inmates who were approved to receive Ramadan meals after they observed him eating during the Ramadan fast.

The matter is before the Court on the Motion for Summary Judgment filed by Defendants Moore and McCormick. (ECF No. 26.) Despite providing Etterson with appropriate *Roseboro*[4] notice, Etterson has not responded. This matter is ripe for judgment. For the reasons stated below, the Court will GRANT the Motion for Summary Judgment, and Etterson's claim against Defendants Moore and McCormick will be DISMISSED because he failed to exhaust his administrative remedies.

## I.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

---

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Defendants Moore and McCormick ask the Court to dismiss Etterson's First Amendment claim, *inter alia*, because Etterson failed to exhaust his administrative remedies prior to filing this action, as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendants Moore and McCormick bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of their Motion for Summary Judgment, Defendants Moore and McCormick have submitted, *inter alia*: (1) a Declaration from Walter J. Minton, the Assistant Superintendent at RRJ (Mem. Supp. Mot. Summ. J. Attach. 3 ("Minton Decl."), ECF No. 27–3); (2) the portion of the RRJ Inmate Handbook that sets forth the grievance procedure (*id.* Ex. A, at 5–6); (3) copies of grievance material submitted by Etterson (*id.* Exs. B–C, at 7–12); and, (4) Etterson's Inmate Release Checklist (*id.* Ex. D, at 14).[5]

As Etterson failed to respond, Etterson fails to cite the Court to any evidence that he wishes the Court to consider in opposition to the Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment).[6] Etterson's complete failure to present any evidence to counter the Motion for Summary Judgment permits the Court to rely solely on Defendants Moore and McCormick's submissions in deciding the Motion for Summary Judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to

---

[5] The Court utilizes the pagination assigned to all of the exhibits accompanying the Memorandum in Support of the Motion for Summary Judgment by the CM/ECF docketing system.

[6] Etterson submitted an unsworn Complaint. Because Etterson failed to swear to the contents of his Complaint under penalty of perjury, his Complaint fails to constitute admissible evidence. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

summary judgment'" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))).

Accordingly, the following facts are established for the Motion for Summary Judgment. All permissible inferences are drawn in favor of Etterson.

## II.   UNDISPUTED FACTS

### A.   RRJ's Grievance Procedure

At RRJ, "[t]he grievance procedure is a mechanism allowing inmates to express their concerns with jail policy, procedure, and treatment." (Minton Decl. Ex. A, at 6.) Inmates may file grievances "concerning personal health and welfare or the operations and services of [RRJ]." (*Id.*) "Inmates are made aware of the grievance procedure when they come in to [RRJ], and it is included in their inmate handbook." (Minton Decl. ¶ 3.)

Prior to submitting a written grievance, an inmate at RRJ "must first make an effort to verbally resolve the situation with [his or her] Pod Officer." (Minton Decl. Ex. A, at 6.) If the situation is not resolved to the inmate's satisfaction, the inmate "may request an Inmate Grievance Form." (*Id.*) The inmate "must submit the completed form to [his or her] housing officer within twenty-four (24) hours of the incident that has caused the grievance." (*Id.*) The Inmate Grievance Form "must be addressed to the Officer, filled out completely and returned within twelve (12) hours." (*Id.*) Each Inmate Grievance Form may only address one issue; any grievance that "address[es] more than one issue will not be accepted . . . ." (*Id.*) A "staff member or section has seven (7) days from date of receipt to reply to [the] grievance, excluding holidays and weekends." (*Id.*)

An inmate who is dissatisfied with the response "may appeal the response within 24 hours." (*Id.*) An inmate wishing to appeal must obtain an Inmate Grievance Appeal Form from the Pod Officer. (*Id.*) "The original Inmate Grievance Form must accompany an appeal." (*Id.*)

4

RRJ has "only one level of appeal; the Division Chief for [the inmate's] assigned area will respond to [the inmate's] appeal and return the appeal response within seven (7) days, excluding holidays and weekends." (*Id.*) The Division Chief's response is final. (*Id.*) "An inmate has not exhausted the grievance procedure at [RRJ] with respect to any particular grievance unless he has appealed the response to that grievance." (Minton Decl. ¶ 4.)

An inmate who is released while a grievance is pending "will be asked if [he or she] wish[es] to continue the grievance." (Minton Decl. Ex. A, at 6.) If the inmate does wish to pursue the grievance, "the response will be forwarded to [the inmate] through the mail." (*Id.*)

### B.    Facts Pertaining to Etterson's Exhaustion of Administrative Remedies

On July 5, 2014, Etterson submitted a grievance "that contained several different issues, including the time of day the cell lights were turned on and off, not having desks or chairs in the cells, and eating or drinking during Ramadan." (Minton Decl. ¶ 5.) Because Etterson's grievance contained more than one issue, it "was therefore not accepted and was returned to him." (*Id.*) Etterson did not appeal this response. (*Id.* ¶ 6.)

On July 18, 2014, Etterson submitted a grievance regarding the lighting in his cell, complaining that Officer McCormack had refused to leave the cell lights on during lockdown. (*Id.* Ex. B, at 8.) Officer McCormick responded, telling Etterson that the lights would be on when trays came to the housing unit. (*Id.* at 9.) On the response form, Etterson noted that he did not wish to appeal the response. (*Id.*) On August 24, 2014, Etterson submitted a grievance, asking about the leg lifts for his wheelchair. (*Id.* Ex. C, at 11.) An RRJ staff member responded, informing Etterson that he could not have the leg lifts because they were broken. (*Id.* at 12.) Etterson noted that he did not wish to appeal the response. (*Id.*)

Minton avers that "Etterson neither submitted any grievance regarding Ramadan meals during his incarceration in 2014 that complied with the Riverside grievance procedure

requirements, nor any grievance response appeal, and did not exhaust the grievance procedure at Riverside in that regard . . . ." (Minton Decl. ¶ 8.) Of note, when Etterson "was released on October 22, 2014, he initialed his Inmate Release Checklist representing that he had no pending grievances." (*Id.* ¶ 9; *see also id.* Ex. D, at 14.)

## III. EXHAUSTION ANALYSIS

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Here, Etterson clearly failed to exhaust his administrative remedies with regard to his claim against Defendants Moore and McCormick. As noted above, Etterson filed a grievance on July 5, 2014 that raised several different issues, including the issue of eating or drinking during

Ramadan.  However, this grievance was not accepted and was returned to Etterson because it did not comply with RRJ's grievance procedure.  Etterson never appealed that response.  Etterson also never resubmitted a grievance concerning Ramadan meals.  Etterson also never pursued any claim regarding Ramadan meals to an appeal to the Division Chief.  Thus, he failed to comply with 42 U.S.C. § 1997e(a).  *See Woodford*, 548 U.S. at 90.  Etterson offers no argument to excuse his failure to exhaust his administrative remedies for his claim.  Accordingly, Etterson's claim against Defendants Moore and McCormick will be DISMISSED WITHOUT PREJUDICE.  *See Duncan v. Clarke*, No. 3:12CV482, 2015 WL 75256, at *9 (E.D. Va. Jan. 6, 2015) (explaining that "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing *Booth*, 532 U.S. at 735)).

## IV.    CONCLUSION

The Motion for Summary Judgment (ECF No. 26) will be GRANTED.  Etterson's claim against Defendants Moore and McCormick will be DISMISSED WITHOUT PREJUDICE.  Etterson remains free to file a new complaint once he has properly exhausted his administrative remedies with respect to his claim.  The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

Date:
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge